FILED
2012 Jul-26  AM 10:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ERIC E. WEHRENBERG,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:10-cv-02610-AKK** |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Eric E. Wehrenberg ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 1383(c), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the Court will **AFFIRM** the decision denying benefits.

### I. Procedural History

The SSA granted Wehrenberg Child's Supplemental Security Income

("SSI") in June 2004, (R. 526), for disability that began in October 2003, (R. 528). In February 2005, when he turned eighteen, the SSA reevaluated Wehrenberg's claim of disability under the adult standard.  42 U.S.C. § 1382c(a)(3)(H)(iii); 20 C.F.R. § 416.987.  As a result, on September 7, 2005, the SSA notified Wehrenberg that it no longer classified him as disabled.  (R. 532-534).  Thereafter, Wehrenberg requested and received a hearing on April 8, 2008.  (R. 780-808).  At the time of the hearing, Wehrenberg was 21 years old, had a special education high school diploma, and no past relevant work.  (R. 790, 793).  Wehrenberg had not engaged in substantial gainful activity since February 20, 2005, the date of his eighteenth birthday.  (R. 334).

On June 27, 2008, the ALJ found that Wehrenberg is not disabled as an adult, (R. 332-340), which became the final decision of the Commissioner when the Appeals Council refused to grant review on June 26, 2010, (R. 324-326). Wehrenberg then filed this action pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3).  Doc. 1.

## II.  Standard of Review

The only issue before this court is whether the record contains substantial evidence to support the ALJ's decision.  *See* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982).  Title 42 U.S.C. §§ 405(g) and

1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in sequence:

(1)     whether the claimant is currently unemployed;

(2)     whether the claimant has a severe impairment;

(3)     whether the impairment meets or equals one listed by the Secretary;

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'"  *Id*. at 1030 (citing 20

C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to

prior work the burden shifts to the Secretary to show other work the claimant can

do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

The court turns now to the ALJ's decision to ascertain whether Wehrenberg

is correct that the ALJ committed reversible error.  In that regard, the court notes

that, performing the five step analysis, initially, the ALJ determined that

Wehrenberg had not engaged in substantial gainful activity since February 20,

2005, the date of Wehrenberg's eighteenth birthday.  (R. 334).  Next, the ALJ

acknowledged that Wehrenberg's severe impairment of mild mental

retardation/borderline intellectual functioning met Step Two.  *Id*.  The ALJ then

proceeded to the next step and found that Wehrenberg did not satisfy Step Three

since he "does not have an impairment or combination of impairments that meets

or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1 (20 C.F.R. [§§] 404.1520(d), 404.1525, 404.1526, 416.925 and

416.926."  (R. 335).  Although the ALJ answered Step Three in the negative,

consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to

Step Four, where he determined that Wehrenberg

has the residual functional capacity ["RFC"] to perform a full range

of work at all exertional levels.  As to his mental [RFC], . . .
[Wehrenberg] has the abilities to understand, carry out and remember
simple instructions; respond appropriately to supervision, coworkers
and usual work situations; and deal with changes in a routine work
setting.

(R. 337).  The ALJ then moved on to Step Five where he considered Wehrenberg's

age, education, work experience, and RFC, and determined that there are "jobs

that exist in significant numbers in the national economy that [Wehrenberg] can

perform."  (R. 339).  As a result, the ALJ answered Step Five in the negative, and

determined that Wehrenberg is not disabled.  (R. 340); *see also McDaniel*, 800

F.2d at 1030.

## V.  Analysis

Wehrenberg contends that the ALJ committed reversible error because (1)

the ALJ failed to demonstrate that Wehrenberg showed medical improvement; (2)

retroactive recoupment is not permitted unless Wehrenberg engaged in fraud; and

(3) the ALJ ceased Wehrenberg's benefits before Wehrenberg found substantial

gainful activity.  Doc. 11 at 5-8.  The court addresses each contention below.

## A.    The ALJ was Not Required to Show Medical Improvements

Wehrenberg's first contention is that "the agency failed to demonstrate that

[Wehrenberg] had shown marked improvements and was no longer under a

disability in conformity with Listing 12.05."  Doc. 11 at 5.  This contention misses

the mark because a showing of medical improvement is not required for age eighteen redeterminations: "[w]here an individual was eligible for SSI benefits as a child, the Commissioner must, for the month preceding the month in which [he] attains age eighteen, re-determine h[is] disability.  A showing of medical improvement *is not required* in these redetermination cases.  Instead, the definition of disability used for adults who file new applications for SSI benefits based on disability applies."  *Wells v. Comm'r of Soc. Sec.*,  No. 6:09-cv-1669-Orl-28DAB, 2011 WL 722764 *3 (M.D. Fla. January 21, 2011) (emphasis added); *see also* 42 U.S.C. § 1382c(a)(3)(H)(iii).[1]  Accordingly, the ALJ had no obligation to

---

[1]42 U.S.C. § 1382c(a)(3)(H)(iii) provides:

If an individual is eligible for benefits under this subchapter by reason of disability for the month preceding the month in which the individual attains the age of 18 years, the Commissioner shall redetermine such eligibility--

> (I) by applying the criteria used in determining initial eligibility for individuals who are age 18 or older; and

> (II) either during the 1-year period beginning on the individual's 18th birthday or, in lieu of a continuing disability review, whenever the Commissioner determines that an individual's case is subject to a redetermination under this clause.

*With respect to any redetermination under this clause, paragraph (4) shall not apply.* (emphasis added).

Paragraph (4) provides, in relevant part that:

A recipient of benefits based on disability under this subchapter may be determined not to be entitled to such benefits on the basis of a finding that the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling only if such finding is supported by--

show medical improvement.

## B.  The ALJ Did Not Try to Recapture Payments

Wehrenberg's contends next that the SSA continued to pay Wehrenberg benefits after his eighteen birthday and "[o]n June 27, 2008, . . . the ALJ ruled to recapture those payments in the amount of $19,259.12 even though the claimant had never engaged in any work activity." Doc. 11 at 1.  Wehrenberg further alleges that "[r]etroactive recoupment of benefits is not permitted unless [he] has engaged in some type of fraud and the record does not reflect that [Wehrenberg] did so."  *Id*. at 6.  This argument is not properly before this court because the ALJ's June 27, 2008, decision, which is the basis for the appeal to this court, is silent on retroactive recoupment of benefits.  *See generally* (R. 334-340).  In fact, the opinion fails to even address Wehrenberg's assertion that he received $19,259.12 in benefits after his eighteenth birthday.  *Id*.  As such, the court cannot

---

       (A) in the case of an individual who is age 18 or older--

          (i) substantial evidence which demonstrates that--

              (I) there has been *any medical improvement in the individual's impairment or combination of impairments* (other than medical improvement which is not related to the individual's ability to work), and

              . . . .

42 U.S.C.A. § 1382c(a)(4)(A)(i)(I) (emphasis added).

address recoupment because the court's only duty is to review the ALJ's final
decision as a whole and determine if the decision is "reasonable and supported by
substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

## C.  Wehrenberg's Work After Cessation of Benefits is Not at Issue

Finally, Wehrenberg contends that the ALJ erred because "[a]fter cessation
of benefits [Wehrenberg] found sheltered work for a 'trial work period' on a part-
time basis; he should not have been 'cut off' until such time as his employment
became substantially full-time . . . . As such, he should have continued to receive
social security disability benefits until his earnings constituted 'substantial gainful
activity.'"  Doc. 11 at 8.  Once again, Wehrenberg's argument is incorrect.  First,
the ALJ did not rely on Wehrenber's employment history and, in fact, specifically
found that "[Wehrenberg] has no past relevant work."  (R. 338); *see also* (R. 334-
340).   Second, in determining Wehrenberg's disability, the ALJ considered the
jobs Wehrenberg can perform in the national economy at the age of eighteen.  The
ALJ has no obligation to determine what jobs Wehrenberg can perform after the
cessation of benefits.  *See McDaniel*, 800 F.2d at 1030.  In that regard, whether
Wehrenberg was performing "part-time" or "substantial gainful activity" at the
time the benefits ceased was irrelevant to the ALJ's analysis.  *Id*.  In short, the ALJ
committed no error because he never considered the jobs Wehrenberg performed

in making his disability determination.

## VI.  CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination

that Wehrenberg is not disabled is supported by substantial evidence, and that the

ALJ  applied proper legal standards in reaching this determination.  Therefore, the

Commissioner's final decision is **AFFIRMED**.  A separate order in accordance

with the memorandum of decision will be entered.

**DONE** the 26th day of July, 2012.

_____

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE